UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATRINA L. GRIFFIN,<br><br>        Plaintiff,<br><br>    v.<br><br>SOCIAL SECURITY OFFICE,<br><br>        Defendant. | Case No.: 1:14-cv-00711-LJO-JLT<br><br>FINDINGS AND RECOMMENDATIONS DISMISSING THE ACTION WITHOUT PREJUDICE |

Katrina Griffin ("Plaintiff") is proceeding *pro se* in this action against the Social Security Office.  However, Plaintiff has failed to prosecute the action, and failed to comply with the Local Rules requiring Plaintiff to keep the Court apprised of her address.  *See* Local Rule 183(b).  Therefore, the Court recommends the action be **DISMISSED WITHOUT PREJUDICE**.

**I.      Relevant Procedural History**

Plaintiff initiated this action by filing a complaint against the Social Security Office in the Superior Court of Kern County, Case No. S-1500-CS-188584.  (Doc. 1-1 at 2.)  Defendant filed a Notice of Removal on May 12, 2014, thereby initiating the action before this Court.  (Doc. 1.) Defendant filed a motion for an extension of time to respond to Plaintiff's complaint, which was granted by the Court on May 19, 2014.  (Docs. 3-4.)  In compliance with the deadline ordered by the Court, Defendant responded to the complaint by filing a motion to dismiss on June 18, 2014.

On June 24, 2014, the Court's order granting Defendant's motion for an extension of time was

returned as "undeliverable." Similarly, the order setting a briefing schedule regarding the motion to dismiss was returned as "undeliverable" on July 2, 2014. Plaintiff's forwarding address is not known.

## II. Requirements of the Local Rules

Pursuant to Local Rule 183(b), a party appearing in propria persona is required to keep the Court apprised of her current address: "If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute." LR 183(b). Because more than 63 days have passed since the document was returned as undeliverable, Plaintiff has failed to comply with the Local Rules.

## III. Discussion and Analysis

"District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g., Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 2995) (dismissal for failure to comply with local rules); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

In determining whether to dismiss an action for failure to prosecute, failure to comply with the Local Rules, or failure to obey a court order, the Court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson*, 779 F.2d at 1423-24; *see also Ferdik*, 963 F.2d at 1260-61; *Thompson*, 782 F.2d at 831.

In the case at hand, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal"); *Ferdik*, 963 F.2d at 1261 (recognizing that district courts have inherent interest in

managing their dockets without being subject to noncompliant litigants).  The risk of prejudice to the defendants also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecution of an action.  *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).  The Court will not, and cannot, hold the case in abeyance based upon Plaintiff's failure to prosecute or notify the Court of a change in address.  Further, the policy favoring disposition of cases on their merits is outweighed by the factors in favor of dismissal.  No lesser sanction is feasible given the Court's inability to communicate with Plaintiff.

### IV. Findings and Recommendations

Plaintiff failed to follow the requirements of the Local Rules or to prosecute this action.  As set forth above, the factors set forth by the Ninth Circuit weigh in favor of dismissal of the matter.

Accordingly, **IT IS HEREBY RECOMMENDED**:

1. This action be **DISMISSED WITHOUT PREJUDICE**;
2. Defendant's motion to dismiss be terminated as **MOOT**; and
3. The Clerk of Court be directed to close this action.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within fourteen days after being served with these Findings and Recommendations, Plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **August 28, 2014**              **/s/ Jennifer L. Thurston**
                                           UNITED STATES MAGISTRATE JUDGE